## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| JEFFREY J. PROSSER, | ) | Bankr. No. 3:06-bk-30009 |
| Debtor, | ) | |
| | ) | Adv. Pro. 3:10-ap-03001 |
| JAMES P. CARROLL, CHAPTER 7 TRUSTEE | ) | |
| OF THE BANKRUPTCY ESTATE OF JEFFREY | ) | Civil No. 3:19-cv-0048 |
| J. PROSSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOBY GERBER, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**APPEARANCES:**

**Scot F. McChain, Esq.**
McChain Hamm & Associates
Christiansted, VI

**William H. Stassen, Esq.**, *Pro Hac Vice*
**Elizabeth Viele, Esq.**, *Pro Hac Vice*
Fox Rothschild LLP
New York, NY
        *For Plaintiff/Trustee,*

**Lawrence H. Schoenbach, Esq.**, *Pro se*
New York, NY

**Norman A. Abood, Esq.,** *Pro se*
Toledo, OH

**Robert F. Craig, Esq.**, *Pro se*
Omaha, NE
        *Counsel for Debtor/Movants*

*Carroll v. Gerber et al.*
Case No. 3:19-cv-0048
Memorandum Opinion
Page 2

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

**BEFORE THE COURT** is the Motion for Reconsideration, (ECF No. 15)[1], filed by Norman A. Abood, Esq., Lawrence H. Schoenbach, Esq., and Robert F. Craig, Esq. (collectively "Prosser Counsel"). The Bankruptcy Trustee filed a response in opposition to the motion, and Prosser Counsel filed a reply thereto. Prosser Counsel also filed a request for leave to file a supplemental memorandum regarding jurisdiction, as well as a request to reopen case. (ECF No. 24.) This matter is ripe for adjudication. For the reasons set forth below, the Court will deny the motion for reconsideration. The Court having granted Prosser Counsel's motion to file a corrected supplemental memorandum, *see* Order (ECF No. 27), entered November 4, 2022, the motion docketed at ECF No. 24 is moot.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case is an appeal from a money judgment entered in favor of the Bankruptcy Trustee and against Prosser Counsel rendered in an ancillary proceeding in the underlying bankruptcy matter. The background facts are recited in the Court's Judgment (ECF No. 12), entered March 18, 2022, affirming the Bankruptcy Court's judgment, and will not be reiterated here.

Prosser Counsel now move, pursuant to Rule 7.3 of the Court's Local Rules of Civil Procedure, for reconsideration of this Court's Judgment on the grounds of preventing manifest injustice and the availability of new evidence. Mot. at 2-4. Prosser Counsel also request the Court to take judicial notice of the record of proceedings in three other cases involving the bankruptcy debtor, Jeffrey J. Prosser ("Prosser"). Mot. at 1.

The Bankruptcy Trustee opposes the motion, arguing that the evidence proffered by Prosser Counsel is not new and that no injustice will accrue if the Court does not reconsider its Judgment. *See* Chapter 7 Trustee's Response in Opposition to the Prosser Counsel's Motion for Reconsideration of the Court's Order Dismissing Their Appeal (Opp'n) (ECF No. 18).

---

[1] Movants also filed identical motions docketed at ECF Nos. 13 and 14. The only differences among the three filings are the attachments at ECF Nos. 13 and 15 and the absence of an attachment at ECF No. 14. The Court finds the earlier motions superseded by the motion docketed at ECF No. 15 and, thus, moot. All references to the "motion" herein are to the Motion for Reconsideration docketed at ECF No. 15.

Prosser Counsel filed a reply in which they note that in no filings in any of the referenced cases has the Department of Justice denied the existence of the alleged "DOJ/Judge Agreements." *See* Reply (ECF No. 19) at 2. In addition, Prosser Counsel filed a supplemental memorandum wherein they attack the jurisdiction of the Bankruptcy Court of the Virgin Islands, as well as motion to re-open the case based upon their supplemental memorandum. *See* ECF Nos. 26-1 and 24.

## II. LEGAL STANDARD

The Court's Local Rules of Civil Procedure provide:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed in accordance with LRCi 6.1(b)(3). A motion to reconsider shall be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice.

LRCi 7.3(a). Under the rule, a motion for reconsideration must be filed within 14 days of entry of the order or decision unless the time is extended for good cause shown. *Id.*; LRCi 6.1(b)(3). Prosser Counsel's motion is timely.

The first rationale a court may employ to reconsider an order or decision listed in the rule, an intervening change in controlling law, is self-explanatory and not asserted as grounds for the motion, here.

The second basis provided in the rule, the availability of new evidence, has been interpreted to mean newly discovered evidence or evidence that was unavailable at the time the initial order or decision was rendered. *See, e.g., Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("'We have made clear that "new evidence," for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.' [*Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)]. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985))); *Interfaith Cmty. Org., Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317-18 (D.N.J. 2010) ("[T]he moving party has the burden of demonstrating the evidence was unavailable or unknown at

the time of the original hearing." (citing *Desantis v. Alder Shipping Co.,* No. 06-1807 (NLH), 2009 U.S. Dist. LEXIS 13535, at *3 (D.N.J. Feb 20, 2009) (citing *Levinson v. Regal Ware, Inc.,* No. 89-1298, 1989 U.S. Dist. LEXIS 18373, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989))).

> Regarding the third basis given by the rule, this Court has observed:
>
> [U]nder the established law, clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

*Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021); *see also, e.g., Plaskett v. Cruz*, Case No. 3:17-cv-0067, 2021 U.S. Dist. LEXIS 178563, at *2 (D.V.I. Sept. 20, 2021).

It is well established that motions for reconsideration "are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *United States v. Matthias*, Case No. 3:19-cr-0069, 2022 U.S. Dist. LEXIS 106707, at *7 (D.V.I. June 15, 2022) (quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004))); *see also, e.g., Blystone*, 664 F.3d at 415 (3d Cir. 2011) ("The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case . . . ." (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010))).

### III. DISCUSSION

To begin, the Court reiterates that motions for reconsideration "are not to be used as 'a vehicle for . . . raising arguments that could have been raised before but were not.'"

*Carroll v. Gerber et al.*
Case No. 3:19-cv-0048
Memorandum Opinion
Page 5

*Matthias*, 2022 U.S. Dist. LEXIS 106707, at *7 (citations omitted). The Court also emphasizes,

as held by the Third Circuit,

> "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Keene Corp. v. International Fidelity Insurance Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1983). Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration. *DeLong Corp. v. Raymond International Inc.*, 622 F.2d 1135, 1139-40 (3d Cir. 1980).

*Harsco Corp. v. Zlotnicki*, 779 F. 2d 906, 909 (3d Cir. 1985) (*cited in Matthias*, 2022 U.S. Dist.

LEXIS 106707, at *7).

### A. Prevent Manifest Injustice

Prosser Counsel reference several other court proceedings in their motion and

request the Court to take judicial notice thereof. Mot. at 1-2. In one of the cases, *Prosser v.*

*Shappert*, 3:21-cv-00026 (D.V.I.), sealed documents in another case, *United States v Williams*,

3:12-cr-00033 (D.V.I.), were at issue, as well as what Prosser Counsel refer to as the

"DOJ/Judge Agreements." Prosser Counsel assert that "[a]ffirming the Sanction Order before

this Court decides the issues regarding the Motion to Unseal the Williams Case Sealed

Records is, respectfully, an abuse of discretion resulting in manifest injustice" and that

"[a]ffirming the Sanction Order before this Court decides the issues regarding the DOJ/Judge

Agreements is, respectfully, an abuse of discretion resulting in manifest injustice." ECF No.

15 at ¶¶ 12-13.[2] However, the documents sought in those cases do not impact the Judgment

entered by this Court in this matter of which Prosser Counsel seek reconsideration. The

Judgment clearly sets forth the Court's findings:

> Court has plenary authority to review the bankruptcy court's legal rulings but cannot disturb its factual findings unless it committed clear error. *See In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005). Here, the bankruptcy court made no error of law. Fed R. Civ. P. Rule 58(b)(1) provides: "Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when . . . the court awards only costs or a sum certain . . . ." The bankruptcy court was able to

---

[2] The Court notes that Prosser Counsel refer to the Court's Judgment (ECF No. 12) as affirming the "Sanction Order." However, the Sanction Order already has been appealed and upheld by the Third Circuit. *See* recitation of background facts in Judgment (ECF No. 12) at 1-2. The terms of the Sanction Order, namely the remaining sum of monies due that were awarded to the Bankruptcy Trustee as a sanction against Prosser Counsel, was converted into a judgment, and that judgment forms the basis of this appeal. This proceeding is not and will not be converted into an appeal from nor a relitigation of the Sanction Order.

> reduce the award of costs and fees to $137, 024.02, or, a sum certain. Therefore, judgment was properly awarded, with or without the court's direction. Reviewing the record in this case for plain error, the Court finds no error, let alone plain error. Specifically, the bankruptcy court entered an order to reimburse the estate in the amount of $137,024.02. The order is on the record and was upheld by the Third Circuit. This is the only finding of fact necessary for entry of judgment under Rule 58(b).

Judgment at 3 (citations and footnote omitted). Prosser Counsel fail to support in any way their contention that the documents under seal in the *Williams* criminal case somehow affect the money judgment entered by the Bankruptcy Court. Moreover, as the Court found in *Prosser v. Shappert*, 3:21-cv-00026, in its Memorandum Opinion (ECF No. 32) accompanying its Order granting Defendants' motion to dismiss, Plaintiffs Prosser and Raynor presented no evidence in that case that they are entitled to the unsealing of those sealed documents; likewise, Prosser Counsel have made no showing here that they have a right to access the documents.

Regarding the alleged "DOJ/Judge Agreements," the Court already has found, in the *Shappert* matter, that "nothing in the Complaint alleges plausible facts to support the allegations that such documents even exist." *Prosser v. Shappert*, 3:21-cv-00026, ECF No. 32 at 15. Given that the Declaration of John Raynor that Prosser Counsel attach to their motion for reconsideration largely contains the same allegations, opinions, and conclusions asserted in the *Shappert* Complaint, the Court finds that Prosser Counsel have presented no evidence that the alleged agreements actually exist.

Further, in the context of a motion to reconsider, manifest injustice "'[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, at *6 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Nothing in Prosser Counsel's motion demonstrates that the Court overlooked any dispositive factual or legal matter when it entered the Judgment on March 18, 2022. As stated in the Judgment, the Court found no error with entry of the Bankruptcy Court's judgment. ECF No. 12 at 3.

*Carroll v. Gerber et al.*
Case No. 3:19-cv-0048
Memorandum Opinion
Page 7

### B. New Evidence

Most of the allegations contained in the declaration provided by Prosser Counsel do not constitute newly discovered evidence. "It is well-settled that a motion for reconsideration cannot be used to introduce for the first time evidence that was previously available, thus giving the party seeking to present such evidence a second bite at the apple." *Greene,* 2012 U.S. Dist. LEXIS 144382, at *5 (citations omitted). As stated in the Declaration of John Raynor, ECF No. 15-1 at 5-6, ¶¶ 22-23, the alleged "DOJ/Judge Agreements" first were brought to a court's attention by Mr. Raynor in 2018, prior to the filing of the appeal herein. Thus, despite the fact that Mr. Raynor's declaration attached to Prosser Counsel's motion for reconsideration currently before the Court is dated March 25, 2022, the primary contents thereof were known and available to Prosser Counsel before the Court entered Judgment herein on March 18, 2022. Consequently, this declaration does not constitute new evidence for the purposes of a motion for reconsideration.

Further, courts in this judicial circuit have required not only that the evidence be "new," but also that it is of such importance that it "alter the disposition of the case." *Interfaith Cmty. Org*., 702 F. Supp. 2d at 317 ("To permit reconsideration when new evidence becomes available, the moving party must present new evidence that would alter the disposition of the case." (citing *Church & Dwight Co. v. Abbott Labs.,* 545 F. Supp. 2d 447, 450 (D.N.J. 2008))). Thus, even if the declaration could be considered new evidence, its production does not affect the Court's Judgment and, therefore, does not provide a valid basis for reconsideration. First, the Court found that the "bankruptcy court made no error of law." Judgment (ECF No. 12) at 3. Second, as the Court states in the Judgment, "By failing to abide by the Court's scheduling order and file a brief, or any legal argument whatsoever in the more than two years that this appeal has been pending, the Court finds that Prosser Counsel has failed to raise any substantial question in their appeal." *Id.* Prosser Counsel do not present any evidence, new or otherwise, in their motion for reconsideration that affects such finding.

### C. Jurisdiction of the Bankruptcy Court

In a last-ditch effort to upend the Bankruptcy Court's money judgment against them, Prosser Counsel posit that "there is no statutory/legislative basis for [Virgin Islands Bankruptcy Court] VIBC." ECF No. 26-1 at 4. Their argument, in a nutshell, is: 1) only Judicial

Districts and Article III courts are empowered to create bankruptcy courts under 28 U.S.C. § 151;[3] 2) the District Court of the Virgin Islands is not a Judicial District or an Article III court; 3.) therefore, the Virgin Islands Bankruptcy Court is not a properly organized court, with no jurisdiction or authority to adjudicate bankruptcy matters or issue valid orders in the place of the Virgin Islands District Court. *See* ECF No. 26-1 *passim*.

Notwithstanding Prosser Counsel's position to the contrary, the Third Circuit Court of Appeals already has ruled on this issue in *Vickers Assocs., Ltd v. Urice (In re Jaritz Indus.)*, 151 F.3d 93 (3d Cir. 1998). As noted by this Court,

> [t]he Third Circuit in *In re Jaritz* concluded that the temporary assignment of bankruptcy judges to the Virgin Islands was authorized under two statutes; that the fact that the District Court of the Virgin Islands is an Article IV rather than an Article III court did not make a difference in authorizing the temporary transfer; and that the Bankruptcy Court had jurisdiction to enter orders.

*In re Watson*, Civil Nos. 3:2011-0012 and 3:2011-0058, 2016 U.S. Dist. LEXIS 77684, at *40 and n.19 (D.V.I. June 15, 2016).

Further, the Court disagrees with Prosser Counsel that *Jaritz* is no longer good caselaw in the wake of the United States Supreme Court's opinion in *Nguyen v. United States*, 539 U.S. 69 (2003). In *Jaritz*, the court of appeals interpreted judicial district to include the Virgin Islands for purposes of 28 U.S.C. § 155[4] (*Jartiz*, 151 F.3d at 97); whereas, the *Nguyen* Court was addressing the meaning of "district judge" within the context of 28 U.S.C. § 292(a),

---

[3] Section 151 provides:

> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter [28 USCS §§ 151 et seq.] with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. § 151.

[4] Section 155 provides, in pertinent part:

> A bankruptcy judge may be transferred to serve temporarily as a bankruptcy judge in any judicial district other than the judicial district for which such bankruptcy judge was appointed upon the approval of the judicial council of each of the circuits involved.

28 U.S.C. § 155(a).

noting the difference between a judge appointed to an Article III United States District Court and an Article IV court for the purposes of designating a "district judge" to serve on the courts of appeal. *Nguyen*, 539 U.S. at 74. The issue in *Nguyen* was the assignment of a judge from the District Court for the Northern Mariana Islands to sit on a panel of the Ninth Circuit Court of Appeals. The Supreme Court found this assignment to be improper and, consequently, deemed the decisions in the cases which he heard and participated invalid. *Id.* at 74, 76, 80-83. At the outset, the *Nguyen* Court states:

> We begin with the congressional grant of authority permitting, in certain circumstances, the designation of district judges to serve on the courts of appeals. In relevant part, the designation statute authorizes the chief judge of a circuit to assign "one or more district judges within the circuit" to sit on the court of appeals "whenever the business of that court so requires." 28 U.S.C. § 292(a) [28 USCS § 292(a)]. Section 292(a) itself does not explicitly define the "district judges" who may be assigned to the court of appeals. However, as other provisions of law make perfectly clear, judges of the District Court for the Northern Mariana Islands are not "district judges" within the meaning of § 292(a).

*Nguyen*, 539 U.S. at 74. The ruling, applied to this small set of facts, is a very narrow one and should, therefore, be narrowly applied.

In contrast, the *Jaritz* court approached the issue of Judge Cosetti's assignment to adjudicate bankruptcy matters in the Virgin Islands with the overall context and purpose for the establishment of bankruptcy courts in general in mind.

> We find nothing in the text of section 155 that limits its scope to judicial districts having an Article III district court. Similarly, we find nothing in the text of Chapter 6 that, as a matter of textual analysis, so limits the scope of that section. Finally, we find nothing in the very sparse legislative history of the 1984 Act that suggests an intent to restrict the authorization conferred by section 155 to Article III districts. Thus, consideration of the text and legislative history of Chapter 6 alone would tend to support the view that "judicial district" was intended to include any district in which judicial authority over bankruptcy matters is exercised.

*In re Jaritz Indus.*, 151 F.3d at 97-98.[5] The court then considers the overall objective of Chapter 6 of Title 28 of the United States Code and continues:

> Having identified the evident purpose of section 155, we turn to the overall statutory scheme of Chapter 6 to determine if there is any reason Congress might have wished to garner the efficiencies provided by that section for judicial districts having an Article III district court and not for judicial districts having an Article I district court which exercises the jurisdiction of an Article III court by virtue of the legislation that created it. We perceive no such reason. To the contrary, our review of the statutory scheme has convinced us that Congress intended the new bankruptcy system to operate in the Virgin Islands in the same manner it was to operate in an Article III district under comparable circumstances.

*Id.* at 98. Given these findings, the court concludes:

> Based on our review of Chapter 6 of Title 28, the following relevant propositions seem to us indisputable: (1) Congress intended bankruptcy matters to be adjudicated in the District Court of the Virgin Islands; (2) Congress determined that bankruptcy judges would assist the judges of that district when there was a sufficient workload to warrant a full-time bankruptcy judge, and the bankruptcy system would thereafter function in that district in the same manner as in Article III districts; and (3) Congress intended the Judicial Council of the Third Circuit to make the most effective and efficient use of district judge and bankruptcy judge power in the circuit by temporarily transferring bankruptcy judges so as to match the need for bankruptcy services in a district with the judge power available there. The remaining issue is whether Congress intended to foreclose the Judicial Council of the Third Circuit from acting to meet an unserved need for bankruptcy services in the Virgin Islands by temporary transfer prior to the time when the bankruptcy workload is of sufficient size and consistency to warrant the creation of a full-time bankruptcy judge seat for the District Court of the Virgin Islands. Having considered this issue, we now make explicit what we believe is implicit in our decision in *Kool, Mann*: We conclude that the 1984 Act evidences no Congressional intent arbitrarily to defer the flexibility and thus the efficiency provided by section 155 in this manner.

*Id.* at 99.

---

[5] As the *Watson* court notes, in *Alkon v. United States*, 239 F.3d 565, 43 V.I. 325 (3d Cir. 2001), the "Third Circuit fully adopted the statutory analysis in *In re Jaritz* when analyzing the meaning of the term 'district court' in § 155, and applied that definition to another statute concerning the District Court of the Virgin Islands." *In re Watson*, 2016 U.S. Dist. LEXIS 77684, at *40 n.19.

Moreover, the *Jaritz* court acknowledges the definition of "district court" provided in Section 451 of Title 28,[6] but notes that the

> [d]efinitions of section 451 were codified 36 years before the adoption of the 1984 Act, . . . and are definitions for general application throughout all 53 chapters of Title 28. While we, of course, recognize that a definitional section like section 451 must presumptively be taken as reflecting the Congressional intent when a defined term is used even in subsequent legislation, it is not controlling where consideration of the term's immediate context and its place in the overall Congressional scheme clearly indicate that it is being used not as a defined term of art but in its commonly understood sense.

*In re Jaritz Indus.*, 151 F.3d at 100.

Based upon the foregoing and in the absence of any authority to the contrary, the Court finds that the Third Circuit's holding in *Jaritz* remains controlling and, consequently, that Prosser Counsel's argument must fail.

### IV. CONCLUSION

Because the Court finds that Prosser Counsel have failed to demonstrate a basis for reconsideration, reconsideration is not warranted, and the Court will deny the motion. In view of the Court's granting the request to file a corrected supplemental memorandum docketed at ECF No. 26, the similar request docketed at ECF No. 24 is moot. An appropriate Order follows.

**Dated:** December 13, 2022                         */s/ Robert A. Molloy*
                                                                      **ROBERT A. MOLLOY**
                                                                      **Chief Judge**

---

[6] While the *Nguyen* Court does reference and take guidance from that definition, 539 U.S. at 74, that provision is not the only factor the Supreme Court considers. The *Nguyen* Court also looks to other sections within Chapter 5 of Title 28, the chapter titled "District Courts," as well as the fact that "judges of the District Court for the Northern Mariana Islands are appointed for a term of years and may be removed by the President for cause" and, thus, "do not satisfy the command for district judges within the meaning of Title 28 to hold office during good behavior. § 134(a)." *Nguyen*, 539 U.S. at 75.